UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER HARRIS,

          Plaintiff,

   v.

CITY OF EVERETT, *et al.*,

          Defendants.

Case No. C23-1950-DGE-MLP

ORDER TO SHOW CAUSE

Plaintiff Christopher Harris is in the custody of the Federal Bureau of Prisons and is currently confined at the Federal Detention Center in SeaTac, Washington. (*See* dkt. # 1-1 at 2.) He has submitted to the Court for filing a prisoner civil rights complaint in which he alleges violations of his federal constitutional rights arising out of an alleged assault by a Snohomish County Sheriff's Deputy in November 2020. (*See id*. at 5-8.) Specifically, Plaintiff alleges that on November 28, 2020, in Marysville, Washington, Snohomish County Sheriff's Deputy Jose Perez tackled him without warning, knocking him to the ground, and that Deputy Perez then climbed on top of him and administered several strikes to his head with a closed fist, rendering him unconscious. (*Id*. at 5-6.) Plaintiff claims that Deputy Perez then began to violently knee him

ORDER TO SHOW CAUSE - 1

in the side of his neck and on his spine, while an unidentified officer from the Tulalip Police Department stood and watched. (*Id*. at 6.)

Plaintiff asserts that the City of Everett and the City of Marysville are liable for the acts and omissions of the police officers, as the officers were employed by, and acting as agents of, these two municipal entities at times relevant to this action. (Dkt. # 1-1 at 6.) Plaintiff further asserts that the Mayor of the City of Everett, the City of Everett Police Commissioner, and the City of Everett, were deliberately indifferent to the need to properly train, supervise, audit, and discipline the police officers under their command. (*Id*. at 7.)

Plaintiff identifies the following Defendants in his complaint: the City of Everett, the City of Marysville; John/Jane Does # 1-10, identified only as Snohomish County Sheriff's Deputies and Tulalip Police Officers; the Mayor of the City of Everett; the City of Everett Police Commissioner, and Snohomish County Sheriff's Deputy Jose Perez. (Dkt. # 1-1 at 1, 3-4.) Plaintiff seeks declaratory relief and damages. (*See id*. at 10.)

It appears that the claims asserted by Plaintiff are likely barred by the statute of limitations. For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Thus, the applicable limitations period for Plaintiff's claims is three years. RCW 4.16.080(2). Although state law provides the applicable limitations period, federal law determines when the cause of action accrues. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1998) (citing *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)). Under federal law, a claim accrues when the plaintiff knows, or should have known, of the injury which is the basis of the cause of action. *Id*.

ORDER TO SHOW CAUSE - 2

Plaintiff alleges federal constitutional violations arising out of a use of force incident that occurred on November 28, 2020, and his cause of action therefore accrued on that date. However, Plaintiff did not sign his civil rights complaint until December 12, 2023, over three years after the cause of action accrued. It thus appears that Plaintiff's claims are barred by the statute of limitations.

The Court observes that even if Plaintiff's claims are not barred by the statute of limitations, it appears this action should nonetheless be dismissed. A review of this Court's records reveals that the claims asserted by Plaintiff in the instant action are substantially similar to those asserted by Plaintiff in a separate pending action which is proceeding under cause number C21-1335-BHS-TLF. This Court's interest in judicial economy is best served by requiring Plaintiff to pursue all claims relating to, or arising out of, the alleged excessive force incident in the same action.

Accordingly, the Court hereby ORDERS as follows:

(1) Plaintiff shall show cause not later than **February 5, 2024**, why the instant complaint and action should not be dismissed as time barred or, in the alternative, as duplicative of the action proceeding under cause number C21-1335-BHS-TLF. Plaintiff is advised that his failure to timely respond to this Order will result in a recommendation that this action be dismissed for failure to prosecute.

(2) Plaintiff's motion to amend his complaint (dkt. # 4) is STRICKEN from the Court's calendar pending receipt of Plaintiff's response to this Order.

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable David G. Estudillo. The Clerk is further directed to note this matter for the Court's consideration of Plaintiff's response to the Order to Show Cause on **February 5, 2024**.

ORDER TO SHOW CAUSE - 3

DATED this 5th day of January, 2024.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4