UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER HARRIS,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF EVERETT, *et al.*<br><br>                    Defendants. | Case No. C23-1950-DGE-MLP<br><br>REPORT AND RECOMMENDATION |

Plaintiff Christopher Harris is in the custody of the Federal Bureau of Prisons and is currently confined at the Federal Detention Center in SeaTac, Washington. (*See* dkt. # 6 at 2.) On December 18, 2023, Plaintiff submitted to the Court for filing a proposed prisoner civil rights complaint in which he alleged violations of his federal constitutional rights arising out of a purported assault by a Snohomish County sheriff's deputy in November 2020. (*See id*. at 5-8.)

Specifically, Plaintiff asserted that his rights under the First, Fourth, Fifth, and Fourteenth Amendments were violated when, on November 28, 2020, Snohomish County Sheriff's Deputy Jose Perez knocked him to the ground, administered several strikes to his head with a closed fist, and violently kneed him in the neck and spine, while an unidentified officer from the Tulalip Police Department stood and watched. (Dkt. # 6 at 5-6.) Plaintiff further asserted that the City of

REPORT AND RECOMMENDATION
PAGE - 1

Everett and the City of Marysville were liable for the acts and omissions of the police officers as the officers were employed by, and acting as agents of, these two municipal entities at times relevant to this action. (*Id*. at 6.) Finally, Plaintiff asserted that the Mayor of the City of Everett, the City of Everett Police Commissioner, and the City of Everett, were deliberately indifferent to the need to properly train, supervise, audit, and discipline the police officers under their command. (*Id*. at 7.)

Plaintiff named the following Defendants in his proposed complaint: the City of Everett; the City of Marysville; John/Jane Does # 1-10, identified only as Snohomish County Sheriff's Deputies and Tulalip Police Officers; the Mayor of the City of Everett; the City of Everett Police Commissioner; and Snohomish County Sheriff's Deputy Jose Perez. (Dkt. # 6 at 1, 3-4.) Plaintiff requested declaratory relief and damages. (*See id*. at 10.)

On January 5, 2024, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed as time-barred or, in the alternative, as duplicative of another action pending in this Court, *Harris v. Perez*, C21-1335-BHS-TLF. (*See* dkt. # 7 at 2-3.) With respect to the time-bar, the Court explained that claims brought in federal court under 42 U.S.C. § 1983 are subject to the forum state's statute of limitations governing personal injury actions, which in Washington is three years. (*Id*. at 2 (citing *Wilson v. Garcia*, 471 U.S. 261 (1985); RCW 4.16.080(2)).) The Court further explained that though state law provides the applicable limitations period, federal law determines when the cause of action accrues, and that under federal law a claim accrues when the plaintiff knows, or should have known, of the injury which is the basis of the cause of action. (*Id*. (citing *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1998)).) The Court observed that the incident giving rise to Plaintiff's constitutional claims

REPORT AND RECOMMENDATION
PAGE - 2

occurred on November 28, 2020, and that he did not sign his civil rights complaint until December 12, 2023, over three years after the cause of action accrued. (*Id*. at 3.)

With respect to the duplicative nature of Plaintiffs pleading, the Court observed that the claims asserted in this action are substantially similar to those asserted in the action proceeding under cause number C21-1335-BHS-TLF. (Dkt. # 7 at 3.) The Court explained that this Court's interest in judicial economy is best served by requiring Plaintiff to pursue all claims relating to, or arising out of, the alleged excessive force incident in the same action. (*Id*.)

On January 12, 2024, Plaintiff filed a response to the Order to Show Cause in which he requests that the Court either permit him to proceed with this separate action or consolidate this action with case number C21-1335-BHS-TLF and allow Magistrate Judge Theresa Fricke to preside over the consolidated action. (Dkt. # 8 at 1.) According to Plaintiff, his objective in filing the instant action is to sue the municipal entities and officials whom he believes are liable for the alleged misconduct of Deputy Perez and the unnamed Tulalip police officer who watched the assault and did nothing to stop it. (*See id*. at 1-3.) Plaintiff explains that he had difficulty identifying the appropriate suable entities in case C21-1335-BHS-TLF and that his multiple attempts to amend in that action were therefore unsuccessful. (*See id*.) Plaintiff claims that once he understood which entities could be sued, he filed the instant action naming those entities because he believed that filing a new lawsuit was the proper way to proceed. (*See id*.)

Despite Plaintiff's claim that he believed filing the instant action was the only way to properly identify the municipal entities and officials named in his proposed complaint, a review of the record in case C21-1335-BHS-TLF reveals that prior to filing the instant action, Plaintiff sought leave in that case to add the same municipal entities and officials as he identifies here. *See Harris*, C21-1335-BHS-TLF, dkt. ## 118-119. The record in case C21-1335-BHS-TLF further

reveals that on January 12, 2024, Judge Fricke issued a Report and Recommendation recommending that Plaintiff's requests to add these defendants be denied for various reasons, including undue delay and failure to allege sufficient facts to state a claim for relief. *See id*. at 7-10.

Plaintiff's explanation in his response to the Order to Show Cause as to why he filed the instant action makes clear that the two actions are duplicative as both arise out of the same incident, *i.e.*, the alleged assault by Deputy Perez. It would be improper to permit Plaintiff to proceed with this separate action simply because he was unsuccessful in naming proper defendants in case number C21-1335-BHS-TLF, particularly in light of the fact that this action was filed after the three-year statute of limitations had expired.[1]

Moreover, the Court observes that Plaintiff's proposed complaint does not, in any event, adequately state any claim for relief against the municipal entities and officials identified in this action. Plaintiff seeks to pursue claims against the City of Marysville, the City of Everett, the Everett Mayor, and the Everett Police Commissioner, apparently on the theory that these entities and officials are responsible for the conduct of individual officers involved in the assault. However, Plaintiff's proposed complaint references only Snohomish County Sheriff's Deputies and Tulalip Police Officers as participants in the alleged assault. Neither the City of Everett nor the City of Marysville would have any supervisory authority over officers employed by other agencies. Thus, it does not appear Plaintiff has any viable cause of action against the entities and officials he seeks to proceed against in this action. Indeed, the only Defendant named in this case

---

[1] Plaintiff maintains that this action is not barred by the statute of limitations because his other pending action arising out of the same events was timely filed. (Dkt. 8 at 2.) However, the fact that Plaintiff's original action was timely filed does not render this entirely separate, albeit related, action timely.

REPORT AND RECOMMENDATION
PAGE - 4

against whom Plaintiff has arguably alleged a viable cause of action is Deputy Perez, and Plaintiff is currently litigating his claims against Deputy Perez in case C21-1335-BHS-TLF.

Based on the foregoing, this Court recommends that the instant action be dismissed as duplicative and untimely. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 8, 2024**.

DATED this 13th day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge